# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID L. BARNETT and JAMES R. WORKMAN, JR., | Civil Action No. 2:16-cv-1668 |
| Plaintiffs, | Magistrate Judge Lisa Pupo Lenihan |
| v. | |
| PLATINUM EQUITY CAPITAL PARTNERS II, L.P. t/d/b/a STEELERS HOLDING CORP., *et al.*, | |
| Defendants. | |

## MEMORANDUM ORDER REGARDING DEFENDANT'S "NOTICE" OF ADMISSIONS UNDER RULE 56(E)

LENIHAN, *Magistrate Judge*

In approximately one month following mid-November, 2018, the parties filed extensive and in some cases unnecessarily redundant pleadings related to now pending cross-motions for summary judgment. In particular, Plaintiffs have filed ECF Nos. 51-54, being their Motion for Summary Judgment, Brief in Support, Concise Statement of Material Facts, and Appendix thereto, respectively. Defendant elected to file a separate series of summary judgment documents as to Plaintiff Barnett and Plaintiff Workman. Thus, ECF Nos. 55-58 (Motion, Concise Statement, Appendix and Brief as to Workman) and ECF Nos. 59-62 (the same as to Barnett). Plaintiffs' filed a consolidated Brief in

Opposition to Defendant's Motions for Summary Judgment at ECF No. 63,[1] and

Defendant filed a Brief in Opposition to Plaintiff's Motion for Summary Judgment at

ECF No. 64. Defendant also filed a Response to Plaintiff's Concise Statement at ECF No.

65.

On December 31, 2018, Defendant filed a "Notice", ECF No. 67, informing the

Plaintiffs and the Court that the facts contained in its Concise Statement in support of its

Motion for Summary Judgment were admitted by operation of law under Local Rule

56(e). Plaintiffs have since filed a Reply Brief on Summary Judgment, ECF No. 69, and a

Response to Defendant's Notice, ECF No. 70. Defendant has filed a Reply as to its

Notice, ECF No. 71.

The Court observes that Local Rule 56 – like Fed. R. Civ. P. 56 - addresses the

procedures for motions for summary judgment. Local Rule 56(b) requires a moving

party to accompany its motion with a Concise Statement, a Memorandum in Support,

and an Appendix. Local Rule 56(c), "Opposition Requirements," requires the filing of a

separately filed Concise Statement which responds to each numbered paragraph in the

moving party's Concise Statement, a Memorandum in Opposition, and an Appendix.

And Local Rule 56(e), "Admission of Material Facts," provides that alleged material

facts set forth and claimed to be undisputed in the moving or opposing party's Concise

---

[1] Plaintiffs noted that as Defendant made the same argument as to both Plaintiffs' claims, "rather than file virtually identical briefs in opposition, Plaintiff's [would], to conserve their and judicial resources, file [a] joint memorandum in opposition." ECF No. 63 at n. 1.

Statement "will for the purpose of deciding the motion for summary judgment be deemed admitted unless specifically denied *or otherwise controverted by a separate concise statement of the opposing party.*" Local Rule 56 (emphasis added).

The Court observes that the Local Rule provides no further express direction as to appropriate procedures regarding necessary and efficient pleadings practice for cross-motions for summary judgment. Plaintiffs assert, in essence, that they have sufficiently controverted disputed facts in the "separate concise statement" filed in support of their Motion for Summary Judgment. Defendant asserts, in essence, that Plaintiffs failed to comply with Local Rule 56(c) by failing to file an additional concise statement specifically in opposition to Defendants' dual Motions for Summary Judgment, and comporting with the numbered paragraph correspondence required. Defendant further asserts that this non-compliance with Rule 56(c) effects a blanket and default admission of the alleged facts in Defendant's Concise Statement pursuant to Local Rule 56(e). The Court writes to reject this assertion.

The Court concurs that Plaintiffs have not filed a concise statement in opposition in the form specified by Local Rule 56(c)(1), the purpose of which required statement is to identify to the Court the parties' positions on the "material facts . . . necessary for the Court to determine the motion for summary judgment." Local Rule 56(c)(3). Plaintiffs have, however, responded in opposition to Defendant's Motion and have filed a cross-motion for summary judgment, together with a "separate concise statement" which

specifically "controvert[s]" disputed facts. *See* Local Rule 56(e).[2]

The Court finds that under the plain language of Local Rule 56, a technical non-compliance with subsection (c) does not work a deemed admission of "otherwise controverted" facts set forth in an opposing party's "separate concise statement". The Court further finds that in these circumstances, and particularly in light of the parties' recent pleadings, requiring Plaintiffs to file another "concise statement" with factual assertions rearranged to comport with Defendant's numbering, would quite literally place form over substance. The "very mission of the summary judgment procedure is to pierce the pleadings to assess the proof in order to see whether there is a genuine need for trial," *Rule 56 – Notes of Advisory Committee on Rules – 1963 Amendment*, a goal to be accomplished with due regard for the parties' litigation costs and judicial resources; Plaintiff's Response, ECF No. 71, at 3 (purpose of response to statement of facts is "so that the Court will know what facts are disputed and which are not"). *See also Committee Notes on Rules – 2010 Amendment* (noting that a court's "choice among possible orders [under (e)(4)] should be designed to encourage proper presentation of the record").[3] *See generally* Fed. R. Civ. P. 1 ("[Rules] should be

---

[2] *Compare Stanton v. Britton*, 2013 WL 622607 at n. 1 (W.D. Pa. Jan. 25, 2013) (finding deemed admission in *pro se* prisoner's case premised on temporary ban of mother's visitation where two years after initiation of suit, plaintiff failed to identify Doe defendants, and "failed to respond to the pending motion for summary judgment *or* file a counter statement of material facts").

[3] *Cf.* Fed. R. Civ. P. 56(e)(providing that if a party fails to properly address another's assertion of fact as required by the Rule, the court may provide "an opportunity to properly" do so, "consider the fact undisputed . . . [or] "issue any other appropriate

4

construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding.").

Accordingly, the Court ORDERS that, Defendant's Notice to the contrary (ECF No. 67) notwithstanding, no facts set forth in Defendant's Statements of Material Facts are "deemed admitted" by "operation of Local Rule 56(E)", as the Court finds that Plaintiffs' existing separate filings, including its Concise Statement, present the material facts in dispute.


Dated: February 28, 2019                                           BY THE COURT:

                                                                                   __/s/Lisa Pupo Lenihan_____
                                                                                   LISA PUPO LENIHAN
                                                                                   United States Magistrate Judge

cc:       All Counsel of Record
            *Via Electronic Mail*

---

order"); *Committee Notes on Rules – 2010 Amendment* (noting that under the Federal Rules "[s]ubdivision (e)(2) authorizes the court to consider a fact as undisputed . . . when response or reply requirements are not satisfied . . . reflect[ing] the 'deemed admitted' provisions in many local rules . . . And the court may choose not to consider the facts as undisputed, particularly if the court knows of record materials that show grounds for genuine dispute."); Fed. R. Civ. P. 56(c)(3); *Committee Notes on Rules – 2010 Amendment* (noting provision "reflects . . . local rules provisions stating that the court may decide a motion for summary judgment without undertaking an independent search of the record" but "[n]evertheless . . . also recognizes that a court may consider record materials not called to its attention by the parties").